BENJAMIN KATZ et al., Copartners under the Firm Name of KATZ & SEGAL, Respondents, *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY et al., Appellants.

(Submitted October 16, 1931; decided November 17, 1931.)

*Emanuel Goodman* for appellants. The plaintiffs acquiesced in the making of the order extending the jail liberties, accepted the benefits accruing therefrom and are now, therefore, estopped from asserting that the order was invalid. (*Mills* v. *Hoffman*, 92 N. Y. 189; *People ex rel. McLaughlin* v. *Police Commissioners*, 174 N. Y. 456; *Matter of Cooper*, 93 N. Y. 512.) The assent by the plaintiffs to the making of the order was based on a valuable consideration. (*Smith* v. *Bell*, 127 App. Div. 278; *Jones* v. *Picard*, 101 Misc. Rep. 117.)

*Robert Abelow, Martin H. Latner* and *Charles Liebling* for respondents. The order purporting to extend the jail liberties was a nullity and did not change the status of the surety company. (*Grafton* v. *U. S. Fidelity & Guaranty Co.*, 161 N. Y. Supp. 1127; 227 N. Y. 162; *Richardson* v. *Steuben*, 226 N. Y. 13; *Sweeney* v. *Warren*, 127 N. Y. 426; *McMann* v. *Rauhr*, 47 N. Y. 67.) The appeal was determined when the decision of the Appellate Term was rendered. (*Matter of Simmons*, 203 N. Y. 241; *Henavie* v. *N. Y. C. R. R. Co.*, 154 N. Y. 278; *Martin* v. *Wilson*, 1 N. Y. 240; *Smith* v. *Village of Nelliston*, 79 N. Y. 638; *Judson* v. *Gray*, 17 How. Pr. 289; *Evarts* v. *Kiehl*, 102 N. Y. 296.) No estoppel can be asserted against the respondent for the application for an extension of the jail liberties was vigorously opposed by respondent; no benefits accrued to the respondent from the order purporting to extend the jail liberties; and the applicant did not rely upon the order in going without the jail liberties. (*Mattes* v. *Frankel*, 157 N. Y. 603; *Geiler* v. *Littlefield*, 148 N. Y. 603; *New York Rubber Co.* v. *Rotherie*, 107 N. Y. 310; *Lord Construction Co.* v. *Edison P. C. Co.*, 234 N. Y. 411; *City of New York* v. *N. Y. City R. R.*, 193 N. Y. 545; *Miller* v. *Clary*, 147 App. Div. 255; 13

C. J. 549; 2 Elliot on Contracts, 826; *Parmaly* v. *Showdy*, 86 Misc. Rep. 634; *Olmstead* v. *Lattimer*, 158 N. Y. 313.)

CRANE, J. On a body execution issued out of the Municipal Court, borough of Brooklyn, Abraham Schneiderman was arrested and confined to Raymond Street Jail. Thereafter, an undertaking for jail liberties in the sum of $500 was furnished by the Massachusetts Bonding and Insurance Company pursuant to section 517 of the Correction Law (Cons. Laws, ch. 43) and the prisoner was discharged by the sheriff. The liberties of the jail for Kings county is the whole of that county which is coterminous with the borough of Brooklyn. Defendant appealed from the judgment obtained against him in the Municipal Court and from the order refusing to vacate the judgments and pending the appeal to the Appellate Term applied to the Municipal Court for an extension of the jail liberties so as to permit him to carry on his business in the borough of Manhattan, county of New York, and on the 5th day of March, 1928, the Municipal Court made an order reading in part as follows:

" Ordered, that pending the determination of the appeal the liberties of the jail are hereby extended up to and including the jurisdictional limits of the city of New York, and the Jail Liberties Bond and all proceedings heretofore had are hereby so amended, and it is further * * *

" Ordered, upon the consent of the attorneys for the defendant that simultaneously with the entry of this order, and in consideration of it the defendant deliver a release to plaintiffs, their attorney and any and all other persons responsible for the arrest of the defendant herein, releasing them and any of them from any liability by reason of the arrest of the defendant."

This release was furnished and accepted by the plaintiffs. No appeal was taken from this order by the plaintiffs. By taking and accepting the release they acquiesced in the terms and conditions of the order.

The defendant Schneiderman lost his appeal in the Appellate Term and by an order entered in the records of the Appellate Term on the 30th day of April, 1928, the judgment and order against him were affirmed.

Section 163 of the Municipal Court Act provides that the judgment or order of the appellate court must be remitted for enforcement to the court below. Before this was done and on May 1, 1928, the day after the decision of the Appellate Term, the defendant Schneiderman was found in New York county, and this action was brought on that same day against him and the bonding company to recover the penalty of the bond as for an escape. The plaintiffs claimed, and still claim, that the order of the Municipal Court extending the jail liberties to the county of New York was void in that the court had no power to make such an order; that the acceptance of the release from all liability by the plaintiffs was without consideration and of no effect; and that the defendant Schneiderman in going at large and beyond the boundaries of Kings county made an escape within the meaning of section 525 of the Correction Law. That section reads: " The going at large, within the liberties of the jail in which he is in custody, of a civil prisoner who has executed such an undertaking, or of a prisoner who would be entitled to the liberties upon executing such an undertaking, is not an escape. But the going at large, beyond the liberties, by such a prisoner, without the assent of the party at whose instance he is in custody, is an escape;  *   *   *."

How this assent may be given is not prescribed. It may be in writing, by parole, or by such acts and conduct as indicate an acquiescence and a consent. Although the plaintiffs opposed the application of the defendant for the extension of the jail liberties the Municipal Court made the order referred to above, giving the defendant the privilege of going at large in the city of New York, on condition that he furnish a full general release to the

plaintiffs from all or any liability incurred in having him arrested. Plaintiffs recognized this order and acted upon it, or in accordance with it in so far as they received and kept the release furnished by the defendant pursuant to such order. If in the opinion of the plaintiffs the order was void as beyond the jurisdiction and power of the Municipal Court to make, they could have ignored it and refused to comply with its terms, act upon it, or take the release. Taking the release was at least an indication to the defendant Schneiderman that he was permitted with their acquiescence to comply with the other part of the order by entering New York county. In all fairness some indication should have been given to the defendant or to his surety that the plaintiffs refused to recognize the attempted extension of the jail limits. Their act in taking and keeping the release furnished by the defendant pursuant to the order was an assent to his going beyond the liberties within the meaning of section 525.

Whatever may have been the effects of the order and the assent of the plaintiffs, the privilege of the defendant to go to Manhattan or into New York county ended with the determination of the Appellate Term. The defendant had appealed to the Appellate Term and his jail liberties were extended by this assent of the plaintiffs " pending the determination of the appeal." The order of the Appellate Term was entered in its records on April 30, 1928. To give it force and effect, however, the remittitur should have been remitted to the court below. As above quoted, section 163 of the Municipal Court Act requires the order to be remitted for enforcement to the court below. When this was done then, and not until then, would the plaintiffs' assent have terminated. The appearance of Schneiderman in New York county before this termination of the plaintiffs' assent did not constitute an escape according to the peculiar facts of this case.

The judgment of the Appellate Division should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment reversed, etc.